UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RICHARD GONZALES,

        Plaintiff,                CIVIL ACTION NO. 10-CV-11992

vs.

                                   DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF                MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION:** The Unopposed Motion For Remand For Further Proceedings Pursuant To Sentence Four of 42 U.S.C. § 405(g) (docket no. 14) should be GRANTED and Plaintiff's Motion For Summary Judgment should be GRANTED in part and DENIED in part. The Court should enter judgement pursuant to sentence four of 42 U.S.C. § 405(g) reversing the ALJ's decision and remanding the matter for further proceedings in accordance with this Report and Recommendation.

\*\*\*

**II.**      **REPORT**

      **A.**      **Procedural Background**

Plaintiff filed applications for disability and Disability Insurance Benefits and Supplemental Security Income on July 31, 2006 alleging that he had been disabled since November 25, 2005 due to major depression with mental illness. (TR 91, 96, 100, 108, 113). The Social Security Administration denied benefits. (TR 55-64). Administrative Law Judge Dean C. Metry (ALJ) held a de novo hearing on February 4, 2009 and subsequently found that the claimant was not entitled

to a period of disability or Disability Insurance Benefits or Supplemental Security Income because he was not under a disability within the meaning of the Social Security Act at any time from November 25, 2005 through the date of the ALJ's May 14, 2009 decision. (TR 11-18). The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review. (TR 1-5).

Plaintiff filed his original complaint on May 18, 2010. (Docket no. 1). Defendant filed an Answer on August 3, 2010. (Docket no. 8). Plaintiff filed his Motion for Summary Judgment on October 4, 2010. (Docket no. 12). On December 6, 2010, the due date for Defendant's Motion For Summary Judgment, the parties filed an Unopposed Motion For Remand For Further Proceedings Pursuant To Sentence Four of 42 U.S.C. § 405(g). (Docket no. 14). The Unopposed Motion For Remand is signed by attorneys for both parties. The matter was referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4).

### B.     Administrative Law Judge's Determination

The ALJ found that although Plaintiff met the insured status requirements through December 31, 2010, had not engaged in substantial gainful activity since November 25, 2005, the alleged onset date, and suffers from back pain, depression, alcohol abuse in remission and drug abuse in remission, he does not have an impairment or combination of impairments that meets or equals the Listing of Impairments. (TR 13). The ALJ found that Plaintiff had the residual functional capacity to perform a full range of unskilled light work. (TR 15, 17). The ALJ found that Plaintiff is able to perform jobs that exist in significant numbers in the national economy and therefore he is not suffering from a disability under the Social Security Act. (TR 17-18).

**C.    Law and Analysis**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

Plaintiff's Social Security disability determination was made in accordance with the five step sequential analysis set forth in 20 C.F.R. sections 404.1520(a)-(g) and 416.920(a)-(g). The parties move to remand this case pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and ask the Court to enter a judgment reversing the Commissioner's decision and remanding the matter to the Commissioner[1]. "The parties agree that, on remand, an Administrative

---

[1] Defendant has already filed an answer in this matter and a remand by motion of the Commissioner pursuant to sentence six of 42 U.S.C. 405(g) is inapplicable in this instance. Pursuant to sentence six of 42 U.S.C. § 405(g) "[t]he court may, on motion of the Commissioner

Law Judge will offer Plaintiff the opportunity for a hearing and receive additional medical evidence." (Docket no. 14 p. 1). The parties ask that the hearing include evidence from a vocational expert if applicable.

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g), . . ." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence four of section 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Court does not find the authority for a sentence four remand based solely upon a stipulated motion by the parties without reviewing the pleadings and the transcript. *See Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991) (the Court finding that there are only two kinds of remand permitted under the statute: Sentence four and sentence six). Therefore the Court will consider the parties' Unopposed Motion For Remand For Further Proceedings Pursuant To Sentence Four of 42 U.S.C. § 405(g), Plaintiff's unopposed Motion For Summary Judgment and the underlying transcript of the record.

In his Motion for Summary Judgment, Plaintiff asks for a remand pursuant to sentence four or, in the alternative sentence six of 42 U.S.C. § 405(g). As set forth in detail in Plaintiff's Motion, Plaintiff alleges that the medical record was not fully developed before the Administrative Law Judge and there was additional medical evidence available regarding Plaintiff's conditions and

---

of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner . . . ." 42 U.S.C. § 405(g).

information regarding Plaintiff's workers' compensation claim which was not before the Administrative Law Judge. The Court finds that, as set forth in Plaintiff's Motion and Brief and supported by the record, the ALJ's decision was not supported by substantial evidence where the ALJ did not develop the record at the hearing and make inquiry about obvious gaps in the treatment records.

The record shows that Administration staff were aware that Plaintiff's file had not been updated since his initial denial and that the ALJ was aware that Plaintiff had continued to receive medical treatment and therapy for over two years beyond the date of the latest records in the file. There was not a single question posed to Plaintiff regarding the whereabouts of these additional medical records, no prompts to Plaintiff to obtain and submit the records, no question to Plaintiff whether he had seen his file, and no inquiry about the status of medical records corresponding with recent treatment to which Plaintiff testified.

At the start of the hearing the ALJ admitted Plaintiff's file into evidence and stated that he had "obviously reviewed the file" and had "a real good idea what's going on." (TR 27). The ALJ was aware that Plaintiff "continues therapy with a doctor and regularly takes his prescribed medication for his mental health." (TR 16, 40, 46). Plaintiff's hearing testimony and his reports in the record indicate that additional medical records should have been available including prescription information and yet the issue of the whereabouts of the records was not raised at the hearing. (TR 40, 46, 149, 161-62). At one point in the questioning, Plaintiff indicated that his current prescriptions "should be on record" and "should be on file." (TR 46-47). Plaintiff testified at the hearing that the last time he saw a doctor was "two weeks ago" for a rash and also underwent a physical at that time. (TR 37). In September 2006 Plaintiff reported that he goes to doctors on a

regular basis and attends group therapy three times a week. (TR 132). A Report of Contact dated June 2, 2008 appears in Plaintiff's file and states that the "MER in file [is] almost 2 years old. New current MER and updated ADLs would be helpful. No rep. Insufficient evidence to reverse det." (TR 153).

There is reason to believe that remand in this matter for a consideration of additional records from the relevant period may lead to a different result. The failure to develop the record at the hearing is relevant because throughout his decision the ALJ pointed out where evidence was scant or records were non-existent. The ALJ stated that Plaintiff "has provided no mental health or medical treatment records after this period," referring to the period "through September 2006." (TR 14). In considering Plaintiff's "B" criteria pursuant to 20 C.F.R. sections 404.1520a and 416.920a the ALJ noted that "the scant mental health treatment record does not support a more restrictive finding" than moderate difficulties in the areas of social functioning and concentration, persistence and pace. (TR 14).

When the ALJ considered Plaintiff's complaints of pain, the ALJ identified a "one time assessment" from a physical examination in May 2006 which Plaintiff underwent while he was involuntarily hospitalized for drug and alcohol treatment following a polysubstance overdose. (TR 16, 177-85, 207, 232-40). The record before the ALJ showed that Plaintiff was diagnosed with multiple substance abuse, combative behavior and mental illness, depression and suicidal ideation. (TR 208-23). Plaintiff underwent a physical examination and was diagnosed with lumbar radiculopathy. (TR 240). In 2003 an MRI revealed degenerative changes at L5-S1 with "loss of space height with loss of hydration at L4-5 as well." (TR 302). Plaintiff underwent a surgical inguinal hernia repair in 2005 and followed up for treatment of uncontrolled postoperative pain,

gross hematuria and chronic back pain. (TR 192, 199, 200-01).

As Plaintiff sets forth in his brief, there are numerous records supporting Plaintiff's continued mental and physical medical treatment, hospitalizations and emergency interventions, contrary to the ALJ's findings that records were lacking. (TR 304-81). On November 29, 2006 Plaintiff was found "weeping" on a bridge and was brought to the emergency room by law enforcement officers. (TR 321-29). Plaintiff reported having used cocaine and alcohol the prior evening. (TR 322). Plaintiff was voluntarily admitted for mental health treatment from November 29, 2006 through December 1, 2006 and was diagnosed with major depression, recurrent, alcohol abuse with possible dependance and assigned a GAF of "around 40." (TR 317-19). Treatment notes from the relevant period show that Plaintiff reported foot pain, numbness in his hands and feet, lower back pain and continued to obtain mental health treatment. (TR 330-31, 346-68). The records include a consultative physical examination in January 2007 which showed "evidence of a probable recurrent right inguinal hernia" described as "partially disabling." (TR 335).

In July 2007 K. B. Kondapaneni, M.D., who has treated Plaintiff throughout the relevant period, again admitted Plaintiff to an inpatient mental health unit for two days as a suicide precaution. (TR 340-44). There are related treatment records through December 2007. (TR 346-48). The record shows multiple emergency room visits including two similar reports, dated September 1 and September 29, 2008 stating that Plaintiff was brought to the emergency room intoxicated and made suicidal statements. (TR 376-80). As late as October 2008 Plaintiff's treatment provider noted Plaintiff's report of suicidal thoughts, intoxication and cocaine use within the previous month. (TR 353). Plaintiff was reportedly experiencing depression "15 out of 30 days" and had just gotten out of jail for a probation violation. (TR 354). Plaintiff's medications were

Effexor, trazodone and Vistaril. (TR 354). In March 2009 Plaintiff was "doing really good on meds." (TR 357). The additional records contain a psychiatric evaluation from May 6, 2009. (TR 358-59).

Plaintiff also argues that he was successful in a workers' compensation case, which he mentioned at the hearing and for which there was no inquiry regarding the supporting documents. (TR 41). Plaintiff's attorney provided records that show that Plaintiff was approved on December 18, 2007 for lump sum workers' compensation for injuries sustained in 1997 and 2005. (TR 315).

In *Henrie v. U.S. Dept. Of Health & Human Servs.*, 13 F.3d 359 (10th Cir. 1993), the ALJ failed to make the inquiries necessary to develop an adequate record and the court reversed the ALJ's decision and remanded the matter. "In this regard, we emphasize that it is not the ALJ's duty to be the claimant's advocate. . . . . Rather, the duty is one of inquiry and factual development. The claimant continues to bear the ultimate burden of proving that she is disabled under the regulations." *Id.* at 361 (citations omitted).

The Court finds that the ALJ's findings at step two, specifically the "B" criteria pursuant to 20 C.F.R. sections 404.1520a and 416.920a are not supported by substantial evidence where the ALJ relied on the lack of medical treatment records after September 2006, including the "scant mental health treatment record" and the lack of "emergency intervention or hospitalizations since the incident in May 2006" to support his findings. The ALJ's RFC is not supported by substantial evidence for the same reason, where the ALJ's findings relied on only a "one time assessment" of Plaintiff's physical impairments in discounting Plaintiff's credibility. (TR 16). Similarly, the ALJ relied on only one hospitalization of record to conclude that Plaintiff "stabilized" after the May 2006 hospitalization, a factor on which the RFC was based at least in part. The additional records show

-8-

that Plaintiff was hospitalized or received emergency treatment on more than one occasion after that date[2].

In this matter the ALJ had notice at several points in the hearing and in the record that there was a treatment history for which he did not have records and there was no follow-up on this issue. During the hearing, Plaintiff indicated a belief that some of these records, specifically the current prescription information, was in his file.

The Court does not make a finding that the ALJ had an affirmative duty to acquire medical records that were not a part of the Administrative Record. The Court's recommendation herein neither imposes additional duties on the ALJ beyond developing the record at the administrative hearing nor shifts the burden of proof from Plaintiff at steps one through four of the sequential analysis set forth at 20 C.F.R. §§ 404.1520(a)-(g) and 416.920(a)-(g). *See generally Morgan v.*

---

[2] The Court does not find it necessary on the facts herein to reach the three-factor analysis of whether the ALJ had a special, heightened duty to develop the record with this unrepresented Plaintiff. *See Lambdin v. Comm'r of Soc. Sec. Admin.*, 62 Fed. Appx. 623, 625 (6th Cir. 2003) ("There are a few special circumstances-when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures-where the ALJ has a special duty to develop the record. Lambdin was not represented by counsel before the ALJ, and it is unclear whether he was able to present an effective case. Although whether the Commissioner failed in its duty in this case is a close question, this record cries out for clarification."); *see also Lashley v. Sec'ty of Health & Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983).

However, any argument that Plaintiff should have raised the issue of these additional hospitalizations and the whereabouts of his treatment records during the hearing would appear to weigh in favor of finding such a special, heightened duty to develop the record. First, Plaintiff was not represented by counsel. Second, Plaintiff's inability to raise the issues of the subsequent hospitalizations and treatment records, as evidenced by the hearing transcript, weighs in favor of finding that he was "incapable of presenting an effective defense." Third, there is no evidence that Plaintiff was otherwise familiar with the hearing process.

*Astrue*, 2010 WL 3723985 (E.D. Tenn. 2010).  In these circumstances the issue of two years of treatment records so obviously not available in the file should have been developed through inquiry at the hearing.  For all of these reasons, the ALJ's denial was not based on substantial evidence.

This case should be remanded and all medical evidence must be considered and weighed in accordance with the regulations and case law and Plaintiff's RFC must be reassessed.  The ALJ will reopen the record and accept additional evidence, including medical evidence and vocational testimony if necessary.

### III.    CONCLUSION

For the reasons set forth herein the ALJ's opinion is not supported by substantial evidence.  The parties' Unopposed Motion For Remand For Further Proceedings Pursuant To Sentence Four of 42 U.S.C. § 405(g) (docket no. 14) should be granted, Plaintiff's Motion For Summary Judgment (docket no. 12) granted in part and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as set forth herein.

### REVIEW OF REPORT AND RECOMMENDATION:

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 19, 2011                    s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 19, 2011                    s/ Lisa C. Bartlett
                                       Case Manager